Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000883
29-NOV-2019
07:49 AM

NO. CAAP-18-0000883

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOHN R. SILVA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Case No. 1PC161000733)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

On July 18, 2018, a jury found Defendant-Appellant John R. Silva (**Silva**) guilty of second degree assault in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(c). He was sentenced by the Circuit Court of the First Circuit[1] to an open term of imprisonment of five years. He appealed, contending that there was insufficient evidence for a conviction. For the reasons discussed below, we affirm the Judgment of Conviction and Sentence entered on October 3, 2018.

**I.**

When the defendant in a criminal case challenges the legal sufficiency of evidence to support a conviction:

> evidence adduced in the trial court must be considered in the strongest light for the prosecution[.] . . . The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. . . .

---

[1] The Honorable Fa'auuga L. To'oto'o presided.

> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Eastman, 81 Hawaiʻi 131, 135, 913 P.2d 57, 61 (1996) (cleaned up and reformatted). "The jury, as the trier of fact, is the sole judge of the credibility of witnesses or the weight of the evidence." State v. Wagner, 139 Hawaiʻi 475, 485, 394 P.3d 705, 715 (2017) (citation omitted).

## II.

HRS § 707-711 (2014) provides, in relevant part:

> (1) A person commits the offense of assault in the second degree if:
>
> . . . .
>
> (c) The person intentionally or knowingly causes bodily injury to a correctional worker . . . who is engaged in the performance of duty or who is within a correctional facility[.]

HRS § 707-700 (2014) contains the following definition:

> "Bodily injury" means physical pain, illness, or any impairment of physical condition.

HRS § 702-206 (2014) defines states of mind:

> (1) "Intentionally."
>
> (a) A person acts intentionally with respect to [their] conduct when it is [their] conscious object to engage in such conduct.
>
> (b) A person acts intentionally with respect to attendant circumstances when [they are] aware of the existence of such circumstances or believes or hopes that they exist.
>
> (c) A person acts intentionally with respect to a result of [their] conduct when it is [their] conscious object to cause such a result.
>
> (2) "Knowingly."
>
> (a) A person acts knowingly with respect to [their] conduct when [they are] aware that [their] conduct is of that nature.
>
> (b) A person acts knowingly with respect to attendant circumstances when [they are] aware that such circumstances exist.

2

> (c)  A person acts knowingly with respect to a result
> of [their] conduct when [they are] aware that it
> is practically certain that [their] conduct will
> cause such a result.

Pat Sooalo testified at Silva's trial.  He worked as an Adult Correctional Officer (**ACO**) at O‘ahu Community Correctional Center (**OCCC**).  On December 21, 2015, he was on duty at OCCC and assigned to Module 17.  Silva was housed in Module 17, cell 111.

ACO Sooalo smelled smoke.  Inmates are not allowed to smoke in their cells.  ACO Sooalo tracked the scent to Silva's cell.  A number of inmates were in the cell.  ACO Sooalo told the inmates who were not assigned to cell 111 to leave.  After they left, ACO Sooalo entered the cell, which contained Silva and two other inmates.  Their eyes were open but rolled back.  They were all breathing.  ACO Sooalo asked them what they were burning.  No one responded.  Silva was sitting on the toilet.  ACO Sooalo saw that something in the toilet was burning.  He obtained a pair of gloves from his shift partner, ACO Dave Valledor, and asked ACO Valledor to call for backup and to lock down Module 17.

ACO Sooalo then attempted to retrieve the burning evidence from the toilet.  Silva, who was still seated on the toilet, started kicking ACO Sooalo in the knees.  Silva stood up and started punching ACO Sooalo's neck and body.  ACO Sooalo took Silva down to the ground by sweeping Silva's legs.  Once on the ground, Silva started kicking ACO Sooalo's knees and thighs.  ACO Sooalo felt a sharp pain in his calf.  Silva was holding a piece of wood with a nail in it.  By then, backup had arrived and ACO Sooalo took the item away from Silva with the help of ACO Anthony Marcus.  The item was received in evidence as State's Exhibit 3.

ACO Sooalo lifted his uniform pant leg and saw blood.  The nail had punctured his pants and his calf.  He felt pain in his calf, knee, and thighs.  He received medical attention in the OCCC infirmary and from his personal physician.  A photograph of ACO Sooalo's injured calf was received in evidence as State's Exhibit 9.  ACO Sooalo was on leave for ten months because of his knee being injured from Silva's kicks.

ACO Marcus also testified at Silva's trial. He responded to a call for backup in Module 17, and was directed to cell 111 by ACO Valledor. When he got to cell 111 he saw ACO Sooalo using his leg to hold Silva on the ground. Silva was kicking and punching. ACO Marcus put his foot on Silva's chest to restrain him. ACO Sooalo was then able to grab a "shank" — a piece of wood with a nail sticking out — out of Silva's hand. ACO Marcus identified State's Exhibit 3 as the item he saw ACO Sooalo grab from Silva's hand.

There was substantial evidence presented at Silva's trial to support the jury's conclusion that Silva intentionally or knowingly caused bodily injury to a correctional worker (ACO Sooalo) who was in the performance of duty and within a correctional facility (OCCC).

## III.

The Judgment of Conviction and Sentence entered by the circuit court on October 3, 2018, is affirmed.

DATED: Honolulu, Hawai'i, November 29, 2019.

On the briefs:

Harrison L. Kiehm,
for Defendant-Appellant.

Landon M. M. Murata,
Deputy Attorney General,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4